ANTISIA MUSIC INC.
183 JONATHAN DR
STAMFORD, CT 06903,

H&R LASTRADA MUSIC
1 MAIN STREET
SUITE 2A
BROOKLYN, NY 11201,

and

JOBETE MUSIC CO., INC.
424 CHURCH STREET
SUITE 1200
NASHVILLE, TN 37219

  Plaintiffs,

v.

BLUE RIBBON PUB, LLC
11302 W. BLUEMOUND ROAD,
WAUWATOSA, WI 53226,

DANIEL P. ZIERATH C/O
BLUE RIBBON PUB, LLC
11302 W. BLUEMOUND ROAD,
WAUWATOSA, WI 53226,

  Defendants.

Case No. 2:22-cv-967

## COMPLAINT

Plaintiffs, complaining of the Defendants by QUARLES & BRADY LLP, their attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] of SCHEDULE A attached hereto and incorporated herein are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Blue Ribbon Pub LLC ("BRP") is a corporation organized under the laws of the state of Wisconsin with offices at 11302 W. Bluemound Road, Wauwatosa, Wisconsin 53226.

6. At all times hereinafter mentioned, BRP did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Jackson's Blue Ribbon Pub ("Jackson's"), located at 11302 W. Bluemound Road, Wauwatosa, Wisconsin 53226.

7. Musical compositions were and are publicly performed at Jackson's.

8. On information and belief, defendant Daniel P. Zierath ("Zierath" and, together with BRP, "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Zierath was, and still is, a principal and/or an officer of BRP.

10. At all times hereinafter mentioned, Zierath was, and still is, responsible for the control, management, operation and maintenance of the affairs of BRP.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Jackson's, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Jackson's.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

    (a) Jackson's previously was licensed by ASCAP.

    (b) In May 2016, Jackson's ASCAP license was terminated at the establishment owners' request based on their assertion that the establishment had stopped using music.

16. In July 2018, Jackson's resumed public performances of copyrighted musical compositions for the entertainment of its patrons.

17. On dozens of occasions since July 2018, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment. ASCAP's representatives have contacted, or attempted to contact, Defendants via email, mail and telephone.

18. Defendants have refused all of ASCAP's offers to relicense Jackson's.

19. As a result of the foregoing, Jackson's has been unlicensed by ASCAP since June 2016.

20. ASCAP's various communications offering to relicense Jackson's gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Jackson's constitute copyright infringement.

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. The compositions listed in cause of action 1 was registered as an unpublished work.

23. The compositions listed in cause of action 2 and 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

24. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Jackson's, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at Jackson's of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28. The many unauthorized performances at Jackson's include the performances of the four copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

30. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Jackson's, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

Dated at Milwaukee, Wisconsin this 22nd day of August 2022.

                                                                 */s/ Sara P. Scullen*
Raymond D. Jamieson Bar No.: 1027076
Sara P. Scullen Bar No: 1030763
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202-4428
Telephone: (414) 277-5000
Fax: (414) 277-3552
E-mail: raymond.jamieson@quarles.com
E-mail: sara.scullen@quarles.com

ATTORNEYS FOR PLAINTIFFS

# Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff** | **Musical Composition** | **Writers** | **Date of Publication (or registration)** | **Certificate of Registration Number** | **Date of Known Infringement** |
| 1. | ANTISIA MUSIC, INC. | JUST THE TWO OF US | Ralph MacDonald<br><br>Bill Withers<br><br>William Salters | March 10, 1981 | Pau 275-657 | June 5, 2022 |
| 2. | H & R LASTRADA MUSIC | FANTASTIC VOYAGE | Fred Alexander<br><br>Norman P. Beavers<br><br>Marvin Craig<br><br>Frederick E. Lewis<br><br>Tiemeyer L. McCain<br><br>Thomas O. Shelby<br><br>Stephen P. Shockley | November 13, 1980 | PA 97-951 | June 5, 2022 |
| 3. | JOBETE MUSIC CO., INC. | GIVE IT TO ME BABY | James A. Johnson | April 7, 1981 | PA 112-976 | June 5, 2022 |